Melissa A. Clark, Esq., SBN #247998
mclark@firstsourcelaw.com
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 113
Santa Ana, CA 92705
(714) 617-8350
(714) 617-7628 facsimile
*Counsel for Plaintiff*

Attorney for Plaintiff,
ALEXANDER L. WILD d/b/a ALEX WILD
PHOTOGRAPHY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER L. WILD d/b/a ALEX WILD PHOTOGRAPHY,<br><br>Plaintiff,<br><br>v.<br><br>DEAN PETERSON d/b/a CERTIFIED PEST MANAGEMENT,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alexander L. Wild d/b/a Alex Wild Photography, for his Complaint against Dean Peterson d/b/a Certified Pest Management, Defendant, alleges as follows:

## INTRODUCTION

1. Alexander L. Wild d/b/a Alex Wild Photography (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Dean

Peterson d/b/a Certified Pest Management (hereinafter "Defendant"), with regard to the unlawful use of copyrighted images (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages.

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant resides in the State of California, Defendant's acts of infringement complained of herein occurred in the State of California, and Defendant has caused injury to Plaintiff in his intellectual property within the State of California.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides,

committed the acts of infringement, and has a regular and established place of business in this judicial district.

**PARTIES**

7. Plaintiff is a natural person who resides in the City of Austin, in the State of Texas, and is a professional photographer by trade.

8. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101 and 106.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a natural person residing in the State of California, and conducted business within the City of Granite Bay, in the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is an individual who unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

**FACTUAL ALLEGATIONS**

11. At all times relevant, Plaintiff was an individual residing within the State of Texas.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was an individual who resided in the State of California and in this judicial district.

13. Plaintiff is a well-known insect photographer. He photographs various insects and sells or licenses them to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is

dependent on receiving compensation for the photographs he produces.

14. Plaintiff took the original Image; *see* original Image attached hereto as Exhibit 1.

15. Plaintiff has ownership and copyrights to the Image.

16. Plaintiff has registered the Image with the United States Copyright Office under Registration Number VAu699-806.

17. Plaintiff did not consent to authorize, permit, allow in any manner the use of the Image by Defendant.

18. Plaintiff is informed and believes that Defendant willfully used Plaintiff's copyrighted works without his permission and that he published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

19. Plaintiff is informed and believes that Defendant used the Image on his business website from March 15, 2015 to the present, *see* Screenshots of Defendant's use attached hereto as Exhibit 2.

20. Defendant willfully uses the Image to promote the Defendant's business.

21. Plaintiff did not consent to the use of his Image for commercial gain.

//

//

# FIRST CAUSE OF ACTION

# COPYRIGHT INFRINGEMENT

# Title 17 of the United States Code

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

24. Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that he published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

25. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

26. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

27. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c) from Defendant;

- Awarding costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505 from Defendant;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: December 15, 2015               Respectfully submitted,

/s/ Melissa A. Clark
Melissa A. Clark, Esq.
Cal. Bar No. 247998
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 113
Santa Ana, CA 92705
(714) 617-8350
(714) 617-7628 facsimile
*Counsel for Plaintiff*

# **DEMAND FOR JURY TRIAL**

Plaintiff Alexander L. Wild d/b/a Alex Wild Photography, hereby demands a trial by jury in the above matter.

Dated: December 15, 2015                    Respectfully submitted,

/s/ Melissa A. Clark
Melissa A. Clark, Esq.
Cal. Bar No. 247998
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 113
Santa Ana, CA 92705
(714) 617-8350
(714) 617-7628 facsimile
*Counsel for Plaintiff*

COMPLAINT FOR DAMAGES                7

# EXHIBIT 1

EXHIBIT 1-1



# EXHIBIT 2

EXHIBIT 2-1



EXHIBIT 2-2

