UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER L. WILD, | No. 2:15-cv-2602-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| DEAN B. PETERSON, | |
| Defendant. | |

This is an action for copyright infringement filed by plaintiff, a professional photographer of insects, against defendant, who allegedly used one of plaintiff's copyrighted photographs on the website for defendant's pest control business without authorization. (See, generally, ECF No. 1.) Presently before the court is plaintiff's motion for default judgment. (ECF No. 13.)[1] Defendant has not appeared in this case, and failed to oppose plaintiff's motion in accordance with Local Rule 230. Upon review of plaintiff's motion, and without expressing any opinion concerning its ultimate merits, the court finds that supplemental briefing and supporting materials would be beneficial to the court's resolution of the motion.

////

---

[1] This motion was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(19).

1

In a claim for copyright infringement, a plaintiff may elect to seek either actual or statutory damages. 17 U.S.C. § 504. The statute provides for statutory damages for all infringements of a given work of not less than $750.00 and not more than $30,000, as the court considers just. 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Courts in this district have previously looked to seven factors in evaluating whether a proposed award of statutory damages is just: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." See, e.g., Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008).

In this case, plaintiff seeks $20,000 in statutory damages, but has provided little rationale for the computation of that number. By way of example, plaintiff has not provided the court with the fee plaintiff customarily charges to license use of the particular photo, accompanied by a showing of why a particular multiplier would be appropriate in light of the facts and legal authorities.

Plaintiff submitted a declaration by plaintiff's counsel in an attempt to demonstrate that defendant's infringement was willful, but the declaration itself lacks proper factual foundation. For example, plaintiff's counsel states that "Defendant continued to display the Image after being repeatedly notified that the Image was subject to copyright by the Plaintiff" and that "Defendant has continued infringement of the Image to the present day." (ECF No. 13 at 10.) However, the declaration does not outline how, when, and by whom defendant was notified of plaintiff's rights to the photo, and it is unclear how plaintiff's counsel even has personal knowledge regarding such notification to the defendant.

////

In light of defendant's default, and plaintiff's inability to conduct discovery, it is understandable that plaintiff may not be able to provide an exhaustive analysis of each of the above-mentioned factors.  Nevertheless, plaintiff should be able to provide the court with some properly supported rationale for computing the $20,000.00 figure requested, so as to avoid an ostensibly arbitrary award of statutory damages.

Accordingly, IT IS HEREBY ORDERED that:

1. No later than April 28, 2016, plaintiff shall file supplemental briefing, including any appropriate declarations, in support of the requested amount of statutory damages.
2. Defendant shall have an additional opportunity to oppose the motion for default judgment, including the supplemental briefing, by filing a written opposition no later than May 26, 2016.
3. Thereafter, the motion will be submitted for decision without oral argument on the record and written briefing pursuant to Local Rule 230(g), unless the court subsequently determines that oral argument is necessary.
4. The April 21, 2016 hearing is VACATED.
5. The Clerk of Court shall serve a courtesy copy of this order on defendant at the address for defendant listed on plaintiff's proof of service: Dean Peterson dba Certified Pest Management, 4120 Douglas Blvd., Suite 306, Granite Bay, CA 95746.

IT IS SO ORDERED.

Dated:  April 8, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE