UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALEXANDER L. WILD, | No. 2:15-cv-2602-KJM-KJN |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DEAN PETERSON, | |
| Defendant. | |

INTRODUCTION

Presently pending before the court is plaintiff Alexander L. Wild d/b/a Alex Wild Photography's motion for entry of a default judgment against defendant Dean Peterson d/b/a Certified Pest Management, who is the only named defendant in this action.  (ECF No. 13.)[1] Plaintiff's motion was initially filed on March 22, 2016.  (Id.)  On April 8, 2016, after defendant failed to oppose plaintiff's motion in accordance with Local Rule 230, the court vacated the hearing on the motion and requested supplemental briefing from plaintiff.  (ECF No. 15.) Subsequently, plaintiff timely filed its supplemental briefing, and although provided with an additional opportunity to oppose plaintiff's motion and supplemental briefing, defendant again

---

[1] All parties who appeared in the action have consented to the jurisdiction of a United States Magistrate Judge for all purposes, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (ECF No. 7.)

failed to appear or respond to plaintiff's motion.  (ECF No. 16.)

After carefully considering the written briefing, the court's record, and the applicable law, the court GRANTS IN PART plaintiff's motion on the terms outlined in this order.

BACKGROUND

Plaintiff is a well-known insect photographer, who sells or licenses his photographs to others wishing to make use of the photographs for advertisements and pecuniary gain.  (See Complaint, ECF No. 1 ["Compl."] ¶ 13.)  Plaintiff took the original image at issue in this action (the "Image"), has ownership of the Image, and registered the Image with the United States Copyright Office under Registration Number VAu699-806.  (Id. ¶¶ 14-16, Ex. 1.)  According to plaintiff, defendant willfully used, without plaintiff's consent, the Image on defendant's business website from March 15, 2015, through at least the filing of the complaint, for commercial benefit in promoting defendant's pest control business.  (Id. ¶¶ 17-21.)

Based on the above, plaintiff commenced this action alleging a single claim of copyright infringement under 17 U.S.C. §§ 501 et seq., against defendant on December 15, 2015.  (ECF No. 1.)  Plaintiff's complaint seeks statutory damages, injunctive relief, attorneys' fees, and costs.  (Id.)  After defendant was properly served with process and failed to appear in the action, the Clerk of Court, upon plaintiff's request, entered defendant's default.  (ECF Nos. 8-10.)  The instant motion for default judgment followed.  (ECF No. 13.)

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

////

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pled factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pled allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

DISCUSSION

Appropriateness of the Entry of Default Judgment under the Eitel Factors

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would face prejudice if the court did not enter a default judgment, because plaintiff would be without another recourse against defendant. Accordingly, the first Eitel factor favors the entry of a default judgment.

2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Here, as outlined above, plaintiff has adequately alleged that it owns the copyright with respect to the Image, and that defendant copied and used plaintiff's Image on defendant's business website without permission. As such, the complaint sufficiently states a claim for copyright infringement and has merit.

Therefore, the second and third Eitel factors favor the entry of default judgment.

3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks $20,000.00 in statutory damages. Although not an insignificant amount, such an amount is within the range of statutory damages authorized by the statute, as discussed below. See 17 U.S.C. § 504(c). Therefore, the sum of money at stake does not in itself preclude the entry of a default judgment.

4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The court may assume the truth of well-pled facts in the complaint (except as to damages) following the clerk's entry of default, and defendant has not appeared to dispute any such facts. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219

4

F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Accordingly, the fifth Eitel factor favors the entry of default judgment.

        5.     *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect.  Indeed, despite having been provided with multiple opportunities to appear and defend its interests, defendant apparently declined to do so.  Accordingly, the sixth Eitel factor favors the entry of a default judgment.

        6.     *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant.  All that remains is a determination of the specific relief to which plaintiff is entitled.

    Terms of the Judgment to Be Entered

After determining that a party is entitled to the entry of default judgment, the court must determine the terms of the judgment to be entered.  Plaintiff's motion for default judgment requests an award of statutory damages and injunctive relief, which were also requested in the complaint.[2]  Each form of relief is addressed separately below.

---

[2] Although plaintiff's complaint also sought an award of attorneys' fees and costs, such relief is not requested in plaintiff's motion for default judgment.  As such, the court does not evaluate whether any attorneys' fees and costs should be awarded.

*Statutory Damages*

As noted above, plaintiff seeks $20,000.00 in statutory damages.

In a claim for copyright infringement, a plaintiff may elect to seek either actual or statutory damages. 17 U.S.C. § 504. The statute provides for statutory damages for all infringements of a given work of not less than $750.00 and not more than $30,000, as the court considers just. 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Courts in this district have previously looked to seven factors in evaluating whether a proposed award of statutory damages is just: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." See, e.g. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008).

In this case, plaintiff has adequately established that defendant's infringement was willful. Apart from alleging willfulness in the complaint, plaintiff's supplemental briefing and supporting materials make clear that plaintiff's counsel contacted defendant regarding the infringement on numerous occasions, starting in February 2015 and long before filing this action in December 2015. (See ECF No. 16 at 8-11 [outlining exact dates and times for communications by letter, e-mail, and phone].) Nevertheless, at least as of April 2016, after numerous communications from plaintiff's counsel and being served with process in this action, defendant continued to use the Image on its website. (ECF No. 16-1 at 6-7.) Therefore, the appropriate range of statutory damages is $750.00 to $150,000.00.

Although $20,000.00 is admittedly towards the lower end of that range, the court finds an award of $20,000.00 to be excessive when all the circumstances are considered. According to plaintiff, it customarily charges between $95.00 and $375.00 for a "perpetual, non-exclusive, non-

6

transferable, worldwide license" to use the Image for permitted commercial purposes, including using it "as part of a commercial website for promotional purposes." (ECF No. 16-1 at 4.) Even assuming that the highest pricing applied, defendant would only have been required to pay $375.00 to use the Image on its website indefinitely. This case essentially involves the unauthorized copying of a single image by a relatively small, regional pest control company. Based on the materials submitted by plaintiff, the Image appeared along with several other images of insects, serving as examples of the types of pests encountered in Placer, El Dorado, and Sacramento counties. While the Image was undoubtedly used for commercial purposes, it was not used as the main logo or trademark for the business, nor is there any other indication that defendant derived substantial economic value from its unauthorized use of the Image specifically. As such, statutory damages based on a multiplier of more than 53 times the actual cost of a license are unjustified.

On the other hand, the court is cognizant of the significant need for deterrence of both defendant and other infringers, particularly when faced with defendant's continued willful use of the Image despite numerous communications from plaintiff's counsel and this lawsuit. The court also recognizes that defendant's failure to participate in this lawsuit has deprived plaintiff of conducting discovery with respect to defendant's use of the Image and potential profits reaped from such use that may not be immediately apparent.

Therefore, after careful consideration of all the relevant factors and circumstances, the court awards $7,500.00 in statutory damages, which represents a multiplier of 20 times the $375.00 licensing fee. That amount is sufficient to fairly compensate plaintiff, as well as to deter defendant and others from similar conduct, without being unduly punitive.[3]

*Injunctive Relief*

Plaintiff further requests that defendant be permanently enjoined from further unauthorized infringement of the copyrighted Image pursuant to 17 U.S.C. § 502.

---

[3] Nothing in this order should be construed as suggesting that a particular multiplier, such as the 20 multiplier used in this case, is appropriate in all cases. By way of example, in cases involving a very large licensing fee, a lesser multiplier may be sufficient to ensure deterrence. Instead, multipliers should always be tailored to the facts and circumstances of a particular case.

1    The court may grant "temporary and final injunctions on such terms as it may deem
2 reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  To obtain a
3 permanent injunction, a plaintiff "must demonstrate:  (1) that it has suffered an irreparable injury;
4 (2) that remedies available at law, such as monetary damages, are inadequate to compensate for
5 that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a
6 remedy in equity is warranted; and (4) that the public interest would not be disserved by a
7 permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).
8    Here, plaintiff has shown that it suffered an irreparable injury for which remedies
9 available at law are inadequate.  At least as of April 2016, after numerous communications from
10 plaintiff's counsel and being served with process in this action, defendant continued to use the
11 Image on its website.  (ECF No. 16-1 at 6-7.)  As such, it is likely that defendant's infringement
12 of the Image would continue absent an injunction, further impairing the market value of the
13 Image.  Furthermore, considering the balance of hardships between plaintiff and defendant, a
14 permanent injunction is warranted, because defendant would suffer no cognizable hardship from
15 merely being prevented from engaging in unlawful activity, whereas plaintiff's copyright would
16 be further infringed if defendant's conduct is not enjoined.  Finally, the public interest would
17 undoubtedly be served by the enforcement of federal copyright law.
18    Therefore, the court awards plaintiff's requested injunctive relief.
19 CONCLUSION
20    For the foregoing reasons, IT IS HEREBY ORDERED that:
21    1. Plaintiff's motion for default judgment (ECF No. 13) is GRANTED IN PART on the
22       terms outlined in this order.
23    2. Judgment is entered in plaintiff's favor and against defendant.
24    3. Plaintiff is awarded statutory damages in the amount of $7,500.00.
25    4. Defendant is permanently enjoined from further unauthorized infringement of the
26       copyrighted Image.
27    5. Plaintiff shall forthwith serve a copy of this order on defendant by U.S. mail at its last-
28       known address, and shall file a proof of service on the docket.

6. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: July 15, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9